UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nino Almeida<br><br>                    Plaintiff,<br><br><br>    -v.-<br>Alltran Financial, LP<br>*d/b/a United Recovery Systems, LP*<br><br>                    Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Nino Almeida ("Plaintiff" or "Almeida") by and through her attorneys, RC Law Group, PLLC, as and for her Complaint against Defendant Alltran Financial, LP *d/b/a United Recovery Systems, LP* ("Defendant" or 'Alltran') respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.     Plaintiff is a resident of the State of New York, County of Kings, residing at 6401 24th Avenue, Apt. F1, Brooklyn, NY 11204.

1

3. Alltran Financial, LP *d/b/a United Recovery Systems, LP* is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5800 North Course Drive, Houston, TX 77072.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt ("Alleged Debt") from the Plaintiff.

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around March 7, 2016 Ms. Almeida received a collection letter from Defendant.

10. The fourth paragraph of collection letter states: "Citibank, NA will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions."

11. This statement is both false and deceptive as there are many factors which make up the requirement to file a 1099C. (See Good v. Nationwide Credit, Inc., finding that the statement "American express is required to file a form 1099C with the Internal Revenue Service for any canceled debt of $600 or more. Please consult your tax advisor concerning any tax questions," is not true and does not accurately reflect the relevant law. The court also found that the statement's invocation of the IRS was deceptive and materially misleading.)

12. This letter does not indicate how much of the current balance is interest and how much is principal.

13. The letter fails to disclose to consumers that there is a distinction between principal and interest in regards to IRS requirements.

14. Even the most sophisticated tax professional cannot issue an opinion without this information and it only acts to overshadow the settlement offer.

15. As a result of Defendant's deceptive and misleading statement Plaintiff has been harmed.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), and 1692f.

18. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nino Almeida demands judgment from Defendant Alltran Financial, LP *d/b/a United Recovery Systems, LP* as follows:

    a)    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

    b)    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

    d)    A declaration that the Defendant's practices violated the FDCPA; and

    e)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
March 6, 2017

        /s/ Daniel Kohn
**RC Law Group, PLLC**
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501